# UNITED STATES COURT OF APPEALS
## for the
## Fourth Circuit

| | |
|---|---|
| Melinda Scott | ) |
| _____ | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No, 0:19CV.PR010 |
| Andrew Carlson | ) |
| _____ | ) |
| Defendant | ) |

## INFORMAL RESPONSE BRIEF

The plaintiff, Melinda Scott's appeal should be dismissed for the following reasons.

### The Legal Basis of Melinda's Appeal is Nonexistent

1. In her initial lawsuit, Melinda said that (1) I created a list prior to December 2016 of the men she allegedly had sex with. (2) I posted a video in March 2017 on youtube that contained biographical information about her & her kids, & allegations & questions about her kids' paternity. (3) In the March 2017 video & other videos, I attributed untrue sexual acts to her, & alleged she had married more than twice. (4). I photoshopped her head onto a nude body.

2a. Judge Jones, in his opinion dismissing her lawsuit, said "[T]he December 2016 list [...] & the March 2017 video [...] occurred more than a year prior to the commencement of this action, & thus the claims arising from them are barred by the statute of limitations."

2b. This alone invalidates her lawsuit against me, since everything she has asserted I did was well over a year prior to the commencement of her lawsuit.

i

3a. Regarding my publication of private information, Judge Jones said, "As to Scott's allegation of publication of private information against Carlson, she fails to state a claim on which relief may be granted because NY law contains no such cause of action. 'NY State does not recognize the common-law tort of invasion of privacy except to the extent it comes within Civil Rights Law 50-51,' [...] Scott has not alleged any facts that would support a cause of action under Civil Rights Law 50-51, & thus she fails to state a NY invasion of privacy claim." & in Judge Jones' footnote, he says "In this diversity action, VA's choice-of-law rules govern. In tort actions, VA applies the law of the place of the wrong, which is the place of publication in defamation actions [...] Scott alleges that Carlson, a NY resident, published the statements at issue on a website that he created & on Youtube. Accordingly, NY law applies to Scott's claims against Carlson."

3b. Thus because VA law states that in tort actions, the place where the alleged crime occurred is the jurisdiction under which the rules regarding tort actions should be followed, NY law has jurisdiction. According to VA law, because I am a NY citizen & the alleged invasion of privacy I did occurred in NY, & because NY has no laws that recognize the common-law tort of invasion of privacy cause of action that she sued me for, she failed to state a valid NY invasion of privacy claim. If she appealed to a specific NY law as the basis of her claim, then that claim could work. But because she did not do that, she failed to state a valid claim, & thus that part of her lawsuit is also invalid.

3c. Although she said on page 5 of her brief #6-7 that I got information from her kids' birth certificates & her marriage certificates & divorce certificate, that is not true. I never accessed those documents, nor derived information from them. I did upload a video to Youtube in March 2017 listing her kids names, however, I removed that video from public viewing shortly after uploading it, & I took it down fast enough that no one online has any record or copy of her kids' names due to me. Thus her kids' names

2

continue to be private & anonymous to the general public. Even so, NY law (with few exceptions) does not forbid publishing the names of minors.

4a. On pages 4 & 7 of her brief, she says that the only part of the dismissal she is appealing is the Judge's statement that said she did not state a constitutional invasion of privacy claim. On page 17 #3-5, she specifically states that she is seeking $98,000 still. Thus, she is claiming that although Judge Jones disposed of all her claims from her complaint, because he dismissed the claims that were contingent on her not having stated a constitutional invasion of privacy claim based on her 4th amendment rights, & because she actually did state a constitutional invasion of privacy claim, she is still entitled to $98,000. Even though Judge Jones gives multiple reasons why her lawsuit has no validity, she singles out only one of his reasons as incorrect, & thinks that since that one claim (that I violated her 4th amendment rights) of the many claims she made still holds, that she is still entitled to all that money she is seeking. In a fair lawsuit, the amount of compensation would be altered contingent on & correspondent to how many of the dismissed claims are being appealed. Since she is only appealing his ruling on some of the claims, the amount she is requesting should reflect that in a lowered amount.

4b. Judge Jones said that "Scott's allegations of 4th amendment violations against all defendants […] fails to state a claim on which relief may be granted" & that she "fail[ed] to state a constitutional invasion of privacy claim." He also explains in his order why Melinda's invasion of privacy claim is not constitutional: "[S]he fails to state a claim on which relief may be granted because she has not alleged any *governmental* intrusion on her privacy. '[T]he 4th Amendment cannot be translated into a general *constitutional* 'right to privacy.' *That Amendment protects individual privacy against* certain kinds of *governmental* intrusion.' Scott's complaint alleges 4th Amendment

3

violations solely against private individuals [& not against any governmental entities], & thus she fails to state a constitutional invasion of privacy claim." (emphasis added)

4c. Thus, because she only stated that private individuals have invaded her privacy, & since I am not operating in a capacity of the government, she has stated a private individual invasion of privacy claim, & since she did not state a government invasion of privacy claim, her invasion of privacy claim is not a constitutional claim, since the constitution only specifies a governmental invasion of privacy as a valid claim under its 4th amendment. Perhaps she could argue a valid invasion of privacy claim via another law, but her appeal to the 4th amendment as the basis of her invasion of privacy claim being constitutional is invalid. Because her claim is against private individuals, her claim is not one on which relief can be granted, since her claim relies on a law (the 4th amendment) that specifically doesn't apply to private individuals in that capacity.

5a. On page 4 #7, she says "The court also stated in Katz v. United States that the 4th amendment protected private information even if it was accessible in a public area. The court said that for each private American citizen, 'what he seeks to preserve in private, even in an area accessible to the public, may be constitutionally protected.'"

5b. She misinterprets the import of Katz v. United States. When the court made that statement, by context it was referring specifically to privacy from the government, & not privacy from private individuals unaffiliated with government. Thus that case does not support that what one seeks to preserve in private *from private individuals* may be constitutionally protected, but rather, it supports the notion that what one seeks to

4

preserve in private *from the government*, even in an area accessible to the public may be.

5c. Although she claims otherwise, the Privacy Act of 1974 & the 4th amendment do not provide a right to keep personal information such as legal names, names of spouses, birth dates, addresses, & social security numbers off the internet. She argues in her brief on page 15 in paragraph 3 that individuals seizing & publishing private information operate in a role that belongs only to governments & thus qualifies the private individual as a "state actor." Evidently she is trying to label me as a state actor so she can make the statements in the 4th amendment & the Privacy Act applicable to me, since they only apply to governmental entities. Although she claims that sharing such private information is the prerogative of the government, that is false. Information such as names, spouses, birth dates, & social security numbers are intended for public knowledge. When someone applies for a job, they must submit their personal information, including legal names, birth dates, & social security numbers. Such information is also required to get credit cards. One can also look up many people on websites such as Wikipedia, & find their birth dates & legal names. Similarly, publications such as phone books provide the names & addresses of people. All of these are not run by nor affiliated with the government but are run by private entities. She said I seized information on behalf of the government, thus making me a state actor; however, the government already has her legal name, her spouse's name, her birth date, her kids' names, & her social security number. Thus, I have not assisted the government

5

in receiving private information it didn't already have, so I have not seized anything.

    5d. In connection with her claim that publishing private information is limited to the government & makes me a state actor & thus in violation of the Privacy Act, Wikipedia's Privacy Act of 1974 article states: "The Privacy Act does apply to the records of every "individual," defined as "a citizen of the United States or an alien lawfully admitted for permanent residence" but the Privacy Act only applies to records held by an "agency". Therefore the records held by courts, executive components, or non-agency government entities are not subject to the provisions in the Privacy Act & there is no right [of privacy granted by the Privacy Act of 1974] to these records."

    5e. Resources such as pacer.gov & court records were designed by the government to be accessed by the public for the primary reason of keeping the government accountable & for maintaining societal cohesion & well-being. Thus, the publication of personally identifiable private information is not a prerogative of the government since such actions have never been limited to government entities, but the public has always been encouraged to access public records & to engage in their freedoms of speech & the press. The concept of freedoms of the press & speech is intended to allow for private individuals to have the ability to share private information with the public in a potentially large scale & scope. Thus it is inherent & integral to our society & government the notion that people have the ability & wherewithal to publish information on a grand scale & to a national & international audience, & thus is not the prerogative of governmental agencies; hence we are given access to court records. If the public is not allowed to view documents of the courts regarding individuals, the government's power cannot be kept in check. By allowing the public to access private information, it allows the public to hold all people in all positions & areas of their communities

accountable. Without a way for the public to know people's private information, they cannot properly identify who they are, & if people cannot be properly identified, then they cannot be held responsible for their actions nor can business or legal matters be properly conducted with them. Thus, the ability to consult these resources containing private information is essential to maintaining justice & societal harmony. In addition, one's place in society is determined by a public affirmation & awareness of such private information by one's peers & community. When kids are enrolled in school, their peers know their age, & it is encouraged among their acquaintances to know their birth dates, often celebrating their birthdays with friends & family. Work places & organizations also often make special effort to honor their employees/members' birthdays to increase morale. The purpose of a legal name also in general is its use by the public. To forbid the public from using one's legal name defeats the entire purpose & reason for a legal name. There is no reason to have a legal name if it is not to be used by the people, & it cannot be used unless it is able to be known by the public. Identity of one's spouse, as well as one's children is also common knowledge that one should expect to be public if one is involved in a community, since interactions with others in the community will result in the public observing the familial relationships, as well as observing the names of such individuals. Such societal roles in families are the bedrock of public socialization & community identity. Furthermore, if someone wishes to buy a house or property they are interested in, they have to have a way of finding out who the owner is. Every city has a database which allows people to access the names of the owners of every house & plot

of land in their city. The public has a right to know such information. Thus, nothing indicates that a person's identity is an issue of privacy that they are entitled to. As for social security numbers, I have never published nor shared Melinda's social security #.

6a. Judge Jones also specified that the image depicting her head on another body does not qualify as libel, & she does not specify any special harm happening to her as a result of the image, therefore it does not classify as defamation. This is particularly relevant in this case since the action attributed to me (photo-shopping her head onto a semi-nude body) did in fact happen, but was only shared with her & her husband in a private correspondence, thus it did not result in any special harm. As for me saying that she was married more than twice, as Judge Jones says, this does not classify as slander either.

6b. According to what Judge Jones said in his opinion, because she failed to allege specifics including time, place, content, speaker, & listener of the alleged defamation, her claim is not in line with federal pleading requirements. In order for her to sue for libel/slander, she must claim special harm unless one of the exceptions applies. I made statements in 2017 that imputed unchastity toward her & which could induce people to have an evil opinion about her, or tend to expose her to public contempt, ridicule, aversion, or disgrace, so that could have potentially been a valid basis to sue me for slander/libel, if not for the statute of limitations. However, these exceptions only apply to libel/slander if the statements made are untrue & done with negligence, since a

statement is only libel/slander if it is negligently untrue. My statements attributing unchastity to her were done in good faith & not with negligence. In 2014, she told her ex, Luke, that she was a prostitute & that she had sex with a landlord. Luke shared with me pictures of her saying to him she had done those things. Ever since 2014, I told people she said these things, but after I started telling people, she said she was lying when she told Luke that, because she was just trying to "test" him. Because at first she told Luke she did those things & only after I started telling people did she deny she did them & claim she lied, I was in doubt. Ever since she claimed to have lied about it, whenever I say she said she did them & that I think she did those things, I qualify it with the caveat that she claims she was lying. So because she is the one who started that rumor about herself, & claimed she did those things, & because I simply reported what she claimed & shared my view while also providing her side, my words should not be regarded as slander/libel, but even if it was, statute of limitations invalidates her claim.

### Evidence Melinda is Engaging in Vexatious Litigation

The plaintiff has engaged in vexatious litigation towards me & many others.

1a. While this court is not under CA law, its helpful & relevant to cite Wikipedia's article, "Vexatious Litigation": "Under CA law a vexatious litigant is someone who does any of the following, most of which require that the litigant be proceeding pro se: In the immediately preceding 7-year period has commenced, prosecuted, or maintained in propria persona at least 5 litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least 2 years without having been brought to trial or hearing. After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the

cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined. In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence."

1b. Based on the Melinda's legal history, it is meet her behavior should be classified as vexatious litigation. CA law says that in a 7 year period, if a pro-se plaintiff initiates a lawsuit more than 5 times, & it is consistently ruled against him, yet he repeatedly relitigates or attempts to relitigate toward the same defendants & issues, the person is to be regarded as a vexatious litigant. She has far surpassed this. In less than 2.5 years, she has initiated 9 federal lawsuits, 3 state lawsuits in general district courts, & 3 state lawsuits in circuit courts. A common theme in her lawsuits is that entities violated constitutional amendments, & she then requests a high sum of money as compensation. If you include this current appeal, she has initiated 16 lawsuits in less than 2.5 years, & those lawsuits are frequently relitigations. In addition, she filed 2 writs of mandamus in connection with 2 of these lawsuits, & she got protective orders against 2 people. Also, between April 2012 & June 2016, she initiated 5 lawsuits, & 6 parties initiated lawsuits against her, & she got a protective order against 1 person. Beyond these things, she received nearly a dozen traffic violations, which combined with everything else demonstrates she is constantly involved in litigation; the only explanation of her excessive litigation is she is a frivolous litigant. A review of her legal history is meet:

1c. In July 2016, she sued me in federal court for cyber-stalking. This was dismissed in August 2016. In December 2016, she got a preliminary protective order against me. In January 2017, it was extended to a 1 year order. I appealed the decision in February 2017, & the Judge extended it to a 2 year order. Later in February, I violated the protective order by contacting her husband, Mashall Castersen. She reported this to the police in Wise VA, & an arrest warrant was issued, applicable in VA only (it was deemed not serious offense to extradite). In March 2017, she threatened to sue me again for cyber-stalking, but did not follow through. Around that same time I made copies of 3 of her youtube videos, & uploaded them to Youtube. Because of this, she sued me for copyright infringement & demanded $90,000. Also in March 2017, she sued her ex husband, Ramon Carcamo, for child support he owed her, seeking $20,000 from him. She also sued Wise County & City of Norton Departments of Social Services for $200,000, because they entered her home without a search warrant, allegedly violating the 4th amendment. At this same time she sued both departments in the Wise Circuit Court. So in March 2017, she initiated 4 lawsuits all with the intent of getting money. Her lawsuit against her ex was dismissed immediately, but the lawsuits against me & Social Services lasted til they were dismissed in August 2017. Her lawsuit against Social Services initiated in State Court was also dismissed in November 2017.

1d. Also in March 2017, an infamous website forum called Kiwi Farms (which is designed for its members to find people to make fun of them & laugh at their expense on

)1

their forums which can be viewed publicly by anyone who googles & finds that site) made an article about me making fun of me. I signed up to Kiwi Farms in an attempt to defend my reputation connected to the cyber-stalking that I was accused of. I shared some personal information about Melinda on that website in March 2017. She found out about the article, & threatened Joshua Moon, the owner of Kiwi Farms, with legal action if he didn't remove the article immediately. She said she would sue him for $150,000 if he refused. He refused, & so in April 2017, she sued him in the Wise District Court for $15,000. Her case against Joshua Moon was dismissed in June 2017. In June 2017 she also sued in federal court the Wise County VA Commonwealth Attorney, the Western District of VA US Attorney, & Joshua Moon in a single lawsuit, demanding that Wise County Commonwealth Attorney & the Western District of VA US Attorney extradite me for cyber-stalking & that Joshua Moon remove all posts about her online on his site that she felt were harassment towards her. Her lawsuit was immediately dismissed.

1e. In November 2017 she had appealed the lawsuit she initiated in state court against Joshua Moon to the Wise Circuit Court. Her appeal against Joshua Moon was dismissed in December 2017. In October 2017, in the Buchanan District Court, she attempted to sue Appalacian Rental Solutions on the basis of a Warrant in Debt. But because she was preoccupied getting a protective order against a woman she got into a fight with, she was late for her hearing (the woman she fought with also got a protective order against her). When she requested a copy of the Judge's ruling, she discovered he had written that she

12

must pay attorney's fees of $750 for filing a "frivolous lawsuit." She wanted to appeal the ruling. The Buchanan Circuit Court allowed her to proceed in forma pauperis, but ordered that she still had to pay the $750 as an appeal bond if she wanted to appeal it. As a result, she was not able to appeal it. Because of this, she sued in federal court in December 2017 every Clerk & Judge in the Buchanan District & Circuit Courts, arguing they violated her 7th, 8th, & 14th amendment rights. Her lawsuit was dismissed in January 2018. She petitioned for a writ of mandamus in February 2018 in the US Court of Appeals for the Fourth Circuit, & it was denied in April 2018. In October 2018, she petitioned for a writ of mandamus in the Buchanan Circuit Court.

1f. In February 2018, she sued her ex husband again in the Wise Circuit Court, asking for her 2 oldest kids' names to be legally changed; it was resolved in May 2018. In May 2018, she sued in federal court the VA Department of Medical Assistance Services for allegedly violating her 1st amendment rights, because they refused to pay her husband to take care of Melinda's disabled child. She sought to force them to pay her husband the amount she felt they owed. Her lawsuit was dismissed in October 2018. In September 2018, she sued in the Wise District Court Wise County Housing Authority, (because they did not accommodate her child's disability & did not protect her from harassment she received from other tenants) seeking a monetary compensation of an undisclosed amount (the amount she requested is unknown since the case is under seal). In October 2018, the lawsuit was dismissed. Because of this, in November 2018, she sued Wise

County Housing Authority in federal court. It was immediately dismissed. In November 2018, she also initiated a new lawsuit against me, Joshua Moon, & Sherod DeGrippo. She sued me & Joshua for $98,000 each, & Sherod for $80,000. The lawsuit was filed with the court in December & immediately dismissed. She has now appealed it to this court, the US Court of Appeals for the Fourth Circuit.

1g. She has also been involved in frequent litigation otherwise. She sued her ex, Jacob Morris, back in 2014 in the Culpeper Circuit Court, regarding their child. She also got a protective order against him & she threatened to remove Jacob's custody of their child in April 2017 & have her husband Marshall Castersen adopt Jacob's child. In July 2016, in the Wise District Court, she was sued by Fig Enterprises LLC for unlawful detainer. She lost in October 2016 & was fined $1000. In the Bedford District Court, she sued William Woznik in April 2016 on the basis of Tenant's assertion. William counter sued her in May 2016. It was dismissed in June 2016. In September 2015 in the Franklin District Court, she sued Steve Austin. She was awarded $340. In June 2015 she was sued by the Front Royal Federal Credit Union in the Warren District Court. It was resolved in August 2015. In April 2014 in the Spotsylvania District Court, she was sued by Rappahannock Electric Cooperative. She lost in June 2015 & was fined $800. In December 2014, in the Fauquier District Court, she sued George Mason University Financial Department. It was resolved in January 2015. In June 2012, in the Norfolk District Court, Columbus Grant III sued her for unlawful detainer. She lost in July 2012

14

& was fined $700. In April 2012, she in the Warren District Court sued RPJ Housing Development Corp inc on the basis of Tenant's assertion. In May 2012, it was dismissed & she was counter-sued for unlawful detainer. In June 2012, it was resolved.

1h. Her protective order against me ends February 2019. There is reason to believe she may try to use this lawsuit as a pretext to get the protective order renewed. Even though there is a protective order still barring contact with her & her family, Marshall has contacted me multiple times since they initiated this appeal. He sent me 2 messages on December 23, 2018 & January 4, 2019. Her husband's messages, which I have included as an exhibit, further demonstrate vexatious litigation: her husband said they won't stop suing me & will continue suing me endlessly til they get justice & if they are unsuccessful, he implied they will resort to vigilante justice. Ever since November 2017, I had no interaction with Melinda & I have left her alone. Prior to that, all throughout 2017, I was interacting with her, replying back & forth because of her lawsuit against me. Unable to find anything new against me, she has brought up former legal issues in an attempt to sue me for things which happened well over a year prior to the initiation of her lawsuit. Her legal history demonstrates she is desperate for money, very poor (so poor she has to file in forma pauperis every time she files), often unable to pay her basic living expenses such as rent. This poverty she experiences compels her to initiate frivolous lawsuits on the hopes that she will get money. This should no longer be tolerated by the courts.

15

Exhibit A:

Message sent to me from Melinda's husband Marshall Castersen on December 23, 2018:



Exhibit B:

Message sent to me from Melinda's husband Marshall Castersen on January 4, 2019:



 Yahsha Castersen • 6 hours ago (edited)
The federal court received appeal. Get ready cause your about to get the big one. Joshua Moon is on the radar too. We will have a different judge and the appeal was written so perfectly the court can not ignore it or disregard it. If they dont exhaust measures than it would shame the legal system and promote vigilante justice. Believe me this will receive national attention. We will go up as far as the supreme court in the end. Do you think a judge will want his name on that? Your stalking and harassment will not go unpunished. Unregulated internet could cease from this case. This case will promote government regulation of the internet.



17

## CERTIFICATE OF SERVICE

I, Andrew Carlson, do hereby certify that on this 22nd day of January 2019, this response brief was mailed to the Fourth Circuit of the United States Court of Appeals, & that I mailed a copy of this response brief to the Plaintiff, Melinda Scott, via her PO BOX address, PO BOX 1133-2014PMB87, Richmond VA, 23218.

*[signature]*

Sincerely,

Andrew Carlson

From:
Andrew Carlson
150 Wildbriar Ave
Schenectady, NY 12304

To:
U.S. Court of Appeals for the 4th Circuit
1100 East Main St, Suite 501
Richmond, VA 23219



U.S. POSTAGE PAID
FCM LG ENV
SCHENECTADY, NY
12303
JAN 23, 19
AMOUNT
$1.63
R2305H127504-07